UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                        Plaintiff,

    -v-

STUART O. GOLDSMITH and GATOR STONY POINT LLC,

                        Defendants.

Case No. 10-CV-3052 (KMK)

OPINION AND ORDER

---

Appearances:

Gary A. Kreinik, Esq.
Marc A. Lebowitz, Esq.
Kreinik Associates LLC
New York, New York
*Counsel for Plaintiff*

Todd E. Soloway, Esq.
Joshua D. Bernstein, Esq.
Pryor Cashman LLP
New York, New York
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

On or about March 3, 2010, Plaintiff, the Stop & Shop Supermarket Co. LLC ("Stop & Shop"), brought this action in New York State Court. (Notice of Removal ("Notice") (Dkt. No. 1) ¶ 1.) Defendant Gator Stony Point LLC ("Gator") was served with the state court complaint on March 23, 2010, and removed the case to this Court on April 9, 2010. (*Id.* ¶ 2.) Plaintiff seeks remand and attorneys' fees. (Dkt. No. 8.)

I. Background

Plaintiff is a Massachusetts company. (Verified Compl. (Decl. of Todd E. Soloway

("Soloway Decl.") (Dkt. No. 14) Exh. A ("Compl.")) ¶ 1.)  The domicile of Defendant Stuart O. Goldsmith is disputed, but it is either New York or New Jersey.  (Pl.'s Mem. of Law in Supp. of its Mot. to Remand this Action Back to State Ct. ("Pl.'s Mem.") (Dkt. No. 10) 1; Notice ¶ 4(b).)  Plaintiff has not disputed Gator's assertion that the amount in controversy exceeds $75,000.  (Notice ¶ 5.)  Gator is a Florida corporation that was properly served as of the date of removal, April 9, 2010.  (Decl. of Gary A. Kreinik ("Kreinik Decl.") (Dkt. No. 9) ¶ 9; Decl. of Todd E. Soloway ("Soloway Decl.") (Dkt. No. 14) ¶¶ 7-8; Compl. ¶ 3; Verified Answer with Countercls. ("Gator's Answer") (Dkt. No. 4) ¶ 3.)  One day before that, on April 8, 2010, a copy of the Complaint was left with the doorman of Goldsmith's New York residence and a copy was sent by mail to the same address.  (Kreinik Decl. ¶ 13.)  Gator argues that Goldsmith had not been properly served at the time it removed this case.  (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Remand ("Gator's Mem.") (Dkt. No. 12) 6-9 & nn.3-4.)

## II.  Discussion

### A.  Removal — Standard of Review

Federal courts are courts of limited jurisdiction.  *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993).  Accordingly, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress."  *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006) (internal quotation marks omitted); *see also Irving Trust Co. v. Century Exp. & Imp., S.A.*, 464 F. Supp. 1232, 1234 (S.D.N.Y. 1979) (noting that the right of removal is "a matter of legislative grace" (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276 (1918))).  Judicial scrutiny is especially important "in the context of removal, where considerations of comity play an important role."  *Johnston v. St. Paul Fire & Marine Ins. Co.*, 134 F. Supp. 2d 879, 880 (E.D. Mich. 2001).  Thus, "[o]ut of respect for the independence of

state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (internal quotation marks omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (noting that federalism concerns call for "the strict construction" of the removal statute); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (internal quotation marks omitted)); *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum.").

      The party asserting federal jurisdiction generally bears the burden of proving that the case is properly in federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

      B.  Unanimity and Forum-Defendant Rules

          1.  General Law

     Stop & Shop argues remand is required for two reasons. (Pl.'s Mem. 1, 3.) First, it contends that it is undisputed that Goldsmith has not consented to removal. (*See generally* Notice.) Indeed, "[w]here there are multiple defendants, 'all named defendants over whom the

state court acquired jurisdiction must join in the removal petition for removal to be proper.'" *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) (quoting *Miller v. First Sec. Invs., Inc.*, 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998)); *see also Smith v. Kinkead*, No. 03-CV-10283, 2004 WL 728542, at *2 (S.D.N.Y. Apr. 5, 2004) ("[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period." (internal quotation marks omitted)).  This is known as the rule of unanimity or the unanimity rule.  "Courts have very little discretion — if any — to forgive a failure to comply with the rule of unanimity." *Patrick v. Porter-Cable Corp.*, No. 10-CV-131, 2010 WL 2574121, at *3 (D. Conn. Apr. 1, 2010); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (noting that the unanimity rule is "strictly interpreted and enforced").  Although all Defendants need not sign the removal petition, courts "typically require that each defendant timely submit some form of unambiguous written evidence of consent." *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 224 (N.D.N.Y. 2001) (internal quotation marks omitted).[1]

     Second, Stop & Shop argues that Goldsmith is a citizen of New York and that under the "forum-defendant rule," removal is improper when a defendant is a citizen of the forum state. Again, the legal premise behind Stop & Shop's argument is unassailable. *See* 28 U.S.C. § 1441(b) (allowing removal of cases, other than federal question cases, "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *HSBC Bank, USA v. Norley*, No. 04-CV-547, 2004 WL 813024, at *1 (D.

---

[1] Though not explicitly required by the removal statute, the courts have concluded that the unanimity rule promotes "the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." *Miller*, 30 F. Supp. 2d at 350 (internal quotation marks omitted).

Conn. Apr. 7, 2004) (holding that remand was required when no federal question was present, and defendant was a citizen of the forum state).

### 2. Exception to These Rules

Gator argues that this case is excepted from these rules, and therefore was properly removed, because Goldsmith was not served as of the date of the Notice. As Gator notes, the rule of unanimity and the forum-defendant rule apply only to parties properly served. *See* 28 U.S.C. § 1441(b) (removal is proper only if "none of the parties in interest *properly joined and served* as defendants" is an in-state defendant); *Patrick*, 2010 WL 2574121, at *3 (noting that one of the three exceptions to the "rule of unanimity" applies when "the nonjoining defendants have not been served with service of process at the time the removal petition is filed" (internal quotation marks omitted)); *Flores v. Merck & Co.* (*In re Fosamax Prods. Liab. Litig.*), MDL No. 1789, 2008 WL 2940560, at *2 (S.D.N.Y. July 29, 2008) ("Courts almost uniformly have read [the forum-defendant provision of § 1441(b)] to allow removal where an in-state defendant has not been served by the time the removal petition is filed."); *Deveer v. Gov't Emps. Ins. Co.*, No. 07-CV-4437, 2008 WL 4443260, at *4 (E.D.N.Y. Sept. 26, 2008) ("[R]emoval of a diversity case is permissible where an in-state defendant has not been served by the time the removal petition is filed." (internal quotation marks omitted)).

Stop & Shop attempted to serve Goldsmith according to the procedure set forth in N.Y. C.P.L.R. § 308(2), which provides in relevant part:

> Personal service upon a natural person shall be made . . . by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days

>of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .

N.Y. C.P.L.R. § 308(2) ("§ 308(2)").

Gator makes two arguments in support of its position that Goldsmith was not properly served by April 9, 2010. First, Gator argues that, under § 308(2), service is not complete until ten days after proof of service is filed. Proof of service was not filed in this case until April 14, 2010, thus service was not complete until April 24, 2010 — fifteen days after the Notice was filed. (Gator's Mem. 7.) Second, Gator argues that service was improper because the Manhattan building where Goldsmith was served was not Goldsmith's "actual dwelling place or his usual place of abode." (*Id.* at 8 n.4.) As the Court agrees with Gator's first argument, it does not reach the second.[2]

The law is unsettled as to whether federal jurisdiction is affected by New York's requirement that proof of service be filed, and ten days pass, before service is "complete." Some federal courts have held that federal jurisdiction is unaffected by the requirement. *See Stan Winston Creatures*, 314 F. Supp. 2d at 181 ("Federal court jurisdiction is not dependent on the technicality of New York state procedure requiring ten days after filing proof of service for service to be deemed 'complete.'"); *Windfield v. C & C Trucking*, No. 02-CV-7688, 2003 WL 21749610, at *2-3 (S.D.N.Y. July 29, 2003) (holding, under a parallel New York law, that

---

[2] Though the Court does not reach the issue of Goldsmith's domicile, the Court is perplexed by the manner in which Gator seeks to obfuscate it — a fact of which Gator, which is wholly owned by Goldsmith's son (Decl. of James Goldsmith (Dkt. No. 13) ¶ 1), presumably has actual knowledge. Yet, Gator has given inconsistent statements about Goldsmith's address. (Notice ¶ 4(b) (adopting Plaintiff's "upon information and belief" allegation that Goldsmith is a New Jersey domiciliary while carefully avoiding actually stating that Goldsmith is in fact domiciled in New Jersey by merely noting that Goldsmith "has an address" in New Jersey); Gator's Answer ¶ 2 (denying Plaintiff's allegation that Goldsmith "has an address" — the exact same address as admitted in ¶ 4(b) of the Notice — in New Jersey).)

though "[t]he court obtains personal jurisdiction over a defendant only after [] proof of compliance has been filed," "a delay in filing the proof of service is not a jurisdictional defect so long as the service itself followed the requirements of the statute").  At least one court, however, has held that federal jurisdiction *is* affected by the provision.  *See Newkirk v. Clinomics Biosciences, Inc.*, No. 06-CV-553, 2006 WL 2355854, at *3-4 (N.D.N.Y. 2006) (holding that, in the context of N.Y. Business Corporation Law § 307, which parallels § 308, jurisdiction does not arise in the state court until service is completed and, hence, the exception to the rule of unanimity was satisfied when removal petition was filed prior to filing of proof of service for non-removing defendant).[3]

The first two steps of personal service pursuant to § 308(2), delivery and mailing of the summons, are jurisdictional requirements, and failure to properly perform either of them results in dismissal of an action.  *See* 2 Weinstein, Korn & Miller, N.Y. Civil Practice: CPLR ¶ 308.13a (2011 ed.) ("[D]elivery *and* mailing are essential in order to obtain jurisdiction over the defendant." (emphasis in original)); *see also Steele v. Hempstead Pub Taxi*, 760 N.Y.S.2d 188,

---

[3] Federal courts in other jurisdictions are also split on the jurisdictional import of proof of service.  *Compare Godley v. Valley View State Bank*, No. 99-CV-2531, 2000 WL 1863375, at *1-2 (D. Kan. Dec. 15, 2000) (holding that despite a state requirement that "[s]ervice . . . shall be deemed complete when it has been made [in the manner required] . . . and the service shall be proved" by affidavit, "failure to file th[e] affidavit before removal d[id] not preclude th[e] court from determining that service . . . was complete at the time of removal"), *with Cooper v. Sentry Select Ins. Co.*, No. 08-CV-649, 2008 WL 4610235, at *2 (W.D. La. Oct. 15, 2008) (holding that even though service was complete under state law, defendants did not need the consent of co-defendants to remove when proof of service had not been filed because "[c]ounsel for the removing defendant should be able to rely on the state court record"), *Cucci v. Edwards*, 510 F. Supp. 2d 479, 482-83 (C.D. Cal. 2007) (holding that case was properly removed because service was not "complete" under state law until after removal petition was filed), *and Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 59 (D.D.C. 2003) (denying a motion to remand because failure to file an adequate proof of service triggered the exception to the rule of unanimity).

189 (App. Div. 2003) (failure to mail copy of summons and complaint to defendant's actual place of business deprived trial court of personal jurisdiction, requiring vacatur of default judgment); *Einheber v. Bodenheimer*, 820 N.Y.S.2d 842, 12 Misc.3d 1177(A), at *3 (Sup. Ct. 2006) (stating that "[c]ase law is explicitly clear that, notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" and dismissing for failure to file proof of service documenting that any of § 308(2)'s requirements had been met); *cf. N.Y. State Higher Educ. Servs. Corp. v. Palmeri*, 563 N.Y.S.2d 358, 359-60 (App. Div. 1990) (failure to mail copy of summons and complaint to defendant's residence within twenty days of delivery, as required by § 308(2), deprived trial court of personal jurisdiction over defendant).

However, New York courts are somewhat less clear on the jurisdictional status of the requirement that proof of service be filed, and ten days pass thereafter, before service is "complete." *Compare Pope v. Rice*, No. 04-CV-4171, 2005 WL 613085, at *15 (S.D.N.Y. Mar. 24, 2005) (holding that failure to file proof of service is a "jurisdictional defect" requiring dismissal for insufficient service of process); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997) ("'[L]eave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint."); *Roth v. Syracuse Hous. Auth.*, No. 2001-5404, 2002 WL 31962630, at *12 (N.Y. Sup. Ct. July 17, 2002) (holding that action was not properly recommenced within six months after its prior termination under C.P.L.R. § 205(a), because service was not "complete" until after the six-month period ended, noting "the filing of an Affidavit of Service is generally a procedural act which has no effect upon jurisdiction . . . [but] the specific language of CPLR 308(2) confers jurisdictional import

upon the filing which is accomplished in connection with that section."); *and Morris v. Smithline*, 548 N.Y.S.2d 408, 409-10 (City Ct. 1989) (holding that the filing of proof of service is jurisdictional), *with Bell v. Bell, Kalnick, Klee & Green*, 668 N.Y.S.2d 177, 178 (App. Div. 1998) ("[F]ailure to timely file the affidavit of service, late in this case by eight days, was an irregularity that was properly cured by deeming it filed nunc pro tunc."); *Foley v. Messina*, 528 N.Y.S.2d 709, 711 (App. Div. 1988) ("While proof of service apparently was not filed within the 20-day period required by CPLR 308(2), the defect is not jurisdictional."); *Toulouse v. Chandler*, 798 N.Y.S.2d 714, 5 Misc.3d 1005(A), at *5 (N.Y. Sup. Ct. Oct. 18, 2004) (noting that while proof of service was late under § 308(2), "this Court is empowered to correct such a *de minimus* deficiency by deeming the Affidavit of Service filed *nunc pro tunc*"); *and* Weinstein, Korn & Miller, *supra*, ¶ 308.16; *cf. Discover Bank v. Eschwege*, 897 N.Y.S.2d 333, 334 (App. Div. 2010) (holding that failure to file proof of service under C.P.L.R. § 308(4), which mirrors § 308(2) in relevant respects, "is not a jurisdictional defect but, rather, is a procedural irregularity that may be cured by an order permitting the late filing of proof of service nunc pro tunc"); *Conde v. Zaganjor*, 886 N.Y.S.2d 829, 829 (App. Div. 2009) ("The requirement in CPLR 308(4) that proof of service be filed with the clerk of the court within 20 days of affixing or mailing of the summons and complaint . . . pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons." (alteration and internal quotation marks omitted)).[4]

---

[4] The New York Court of Appeals appears not to have directly spoken on the precise question of whether a New York court has personal jurisdiction over a party prior to service becoming "complete" under § 308(2). It bears noting, however, that some of the cases holding that the filing of proof of service is a jurisdictional requirement rely on the Court of Appeals' treatment of New York Business Corporation Law § 307(c), which contains a parallel requirement of that proof of service be filed in cases involving service on a foreign business

9

28 U.S.C. § 1441(b), the source of the rule of unanimity, provides that an action not arising under federal law is removable only if no party "*properly joined and served* as [a] defendant[]" is a resident of the forum state.  New York state law will determine whether a defendant has been "properly . . . served" for purposes of this rule.  "[W]hile it may still be that technicalities in state service law will not affect a federal court's interpretation of the removal statute, . . . the law requires a federal court to generally apply state procedural rules in determining whether a defendant has been properly served in a removed action."  *Fed. Ins. Co.*, 422 F. Supp. 2d at 384 n.16 (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204-05 (2d Cir. 2001) (concluding that even though "a summons with notice is not technically defined as a pleading under" New York law, "it may constitute an initial pleading for purposes of the federal removal statute")); *see also id.* ("'[A]fter [*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)], proper service of process under state law is required to trigger a defendant's removal obligations.'"(quoting *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 190, 195 (D. Mass. 2004))).

Whether or not § 308(2)'s requirements that proof of service be timely filed and that ten

---

corporation not authorized to do business in the state of New York; service is "complete ten days after such papers are filed."  N.Y. Bus. Corp. Law § 307(c)(1), (2).  *See Pope*, 2005 WL 613085, at *14 n.16; *Roth*, 2002 WL 31962630, at *12.  The Court of Appeals has held that failure to file the affidavit constituting proof of service is a "jurisdictional" defect "and does not constitute a mere irregularity subject to cure."  *Flannery v. Gen. Motors Corp.*, 655 N.E.2d 176, 176 (N.Y. 1995) (alteration and internal quotation marks omitted) (citing *Flick v. Stewart-Warner Corp.*, 555 N.E.2d 907, 910 (N.Y. 1990)); *see also Flick*, 555 N.E.2d at 910 (filing proof of service is "not [a] mere procedural technicalit[y] but [a] measure[] designed to satisfy due process requirements of actual notice").  The cases holding that failure to file proof of service is non-jurisdictional under §§ 308(2) and (4) do not mention these cases.  The BCL § 307(c) cases could be distinguished, however, on the ground that they may have turned on the particular due process requirements that exist in cases involving out-of-state corporations not authorized to do business in New York.  *See Flick*, 555 N.E.2d at 909-10.

10

days pass before service is "complete" are "jurisdictional" in the sense that strict compliance is necessary before a court may exercise power over a defendant, the importance of the proof of service requirement demonstrates that a defendant is not "properly . . . served" before it is satisfied, as it was not in this case with respect to Goldsmith before Gator filed the Notice.  Most conspicuously, though a plaintiff's failure to file proof of service on time may be "curable," it is still a "defect" needing a cure.  Thus *complete* failure to file proof of service requires dismissal, *see Einheber*, 12 Misc.3d 1177(A), at *3, and even the courts that have held *untimely* failure to file proof of service to be a "curable" defect require a plaintiff to obtain permission to make a late filing; a plaintiff's failure to do so voids any action taken by the court even when the plaintiff files late on his own, *see Zareef v. Lin Wong*, 877 N.Y.S.2d 182, 183 (App. Div. 2009) (holding that because "plaintiff did not obtain an order permitting a late filing of proof of service," the "late filings were nullities and the defendants' time to answer never began to run"). Moreover a court is without power, under New York law, to enter a default judgment prior to the filing of proof of service.  *See Discover Bank*, 897 N.Y.S.2d at 334 ("A court may not . . . [cure a failure to timely file proof of service under C.P.L.R. § 308(4)] retroactive to a defendant's prejudice by placing the defendant in default as of a date prior to the order, nor may a court give effect to a default judgment that, prior to the curing of the irregularity, was a nullity requiring vacatur."); *see also R.L.C. Investors, Inc. v. Zabski*, 487 N.Y.S.2d 201, 201 (App. Div. 1985) (same, in the context of failure to file proof of service under § 308(2)).[5]  Similarly, a plaintiff

---

[5] *Stan Winston* relied on an older Appellate Division case, *Haegeland v. Massa*, 427 N.Y.S.2d 887 (App. Div. 1980), which apparently allowed the trial court to give effect to a default judgment entered prior to proof of service being filed.  *Stan Winston*, 314 F. Supp. 2d at 182-83.  The Appellate Departments appear to have changed course since 1980, even including the Second Department which issued *Haegeland*.  *See Paracha v. Cnty. of Nassau*, 643 N.Y.S.2d 637, 638 (App. Div. 2d Dep't 1996) ("Because the proof of service required by CPLR 308(2) has

may not file a motion that is returnable prior to the end of the ten-day clock that runs from the date proof of service is filed. *See, e.g.*, *Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC*, No. 28268/09, 29 Misc.3d 1237(A), 2010 WL 5141734, at *6 & n.4 (N.Y. Sup. Ct. Dec. 19, 2010) (noting that notice of motion for summary judgment in lieu of complaint filed pursuant to N.Y. C.P.L.R. § 3213 should have been made returnable thirty days following the expiration of the ten-day time period after which service was "complete" under § 308(2), as defendants were not obligated to enter an answer until thirty days after that date); *cf. MMC Energy, Inc. v. Miller*, No. 08-CV-4353, 2009 WL 2981914, at *4 (S.D.N.Y. Sept. 14, 2009) (denying motion for default judgment because defendant filed motion to dismiss within the ten-day period before service was "complete" under § 308(2)).

The rationale for each of these rules is that a defendant is not required to make an appearance in an action involving service pursuant to § 308(2) until thirty days "after service is complete," N.Y. C.P.L.R. § 320(a), so the filing of proof of service and the passage of ten days thereafter are necessary steps in triggering a defendant's time to respond. *See, e.g.*, *R.L.C.*, 487 N.Y.S.2d at 201. Moreover, the proof of service requirement is no mere "technicalit[y]" but rather an assurance that the other requirements of § 308(2), delivery and mailing, have been satisfied. *Flick v. Stewart-Warner Corp.*, 555 N.E.2d 907, 910 (N.Y. 1990) (describing the proof of service requirements in N.Y. Bus. Corp. Law §§ 307(c)(1) and (2) as "measures designed to satisfy due process requirements of actual notice"). The inescapable implication is that prior to

---

yet to be filed, the respondent never defaulted in appearing."); *Weininger v. Sassower*, 612 N.Y.S.2d 249, 250 (App. Div. 2d Dep't 1994) (holding that default judgment was properly entered after Supreme Court granted plaintiff's motion to file late proof of service nunc pro tunc and defendant failed to appear within ten days after the late filing, but noting that "we agree that a court cannot invoke the device of nunc pro tunc to effectively grant a default judgment retroactively").

the filing of proof of service, service under § 308(2) is not "complete," and is therefore not "proper" within the meaning of § 1441(b).

Stop & Shop had not filed the requisite proof of service documenting its attempt to serve Goldsmith by April 9, 2010, the date Gator removed this case. It follows that Gator's removal satisfies the exception to both the rule of unanimity and the forum-defendant rule, as Goldsmith, at the time the Notice was filed, had not yet been properly served under New York law.

### III. Conclusion

For the reasons stated herein, Plaintiff's Motion to Remand is denied. The Clerk of the Court is respectfully requested to terminate the relevant motion, (Dkt. No. 8).

SO ORDERED.

Dated: White Plains, New York
March 31, 2011

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

13

Service List:

Gary A. Kreinik, Esq.
Marc A. Lebowitz, Esq.
Kreinik Associates LLC
275 Madison Ave., 36th Floor
New York, NY 10016
(212) 682-7900
Email: marc@labolaw.com
*Counsel for Plaintiff*

Todd E. Soloway, Esq.
Joshua D. Bernstein, Esq.
Pryor Cashman LLP
7 Times Sq.
New York, NY 10036
(212) 421-4100
Email: tsoloway@pryorcashman.com
Email: jdbernstein@pryorcashman.com
*Counsel for Defendants*